## ST. LOUIS-SAN FRANCISCO RY. CO. v. GLEAVES.

(Circuit Court of Appeals, Eighth Circuit. December 3, 1923.)

No. 6269.

Carriers ☞320(24)—Defendant held entitled to directed verdict in action by passenger injured by discarded railroad spike while on platform.

> Where plaintiff, intending passenger, was standing on platform, and train drew into station, and when front of engine had not quite reached point on track opposite to where he was standing, he was struck in the side by a discarded railroad spike, flattened in two places near its end or point, which flattened places were bright and new-looking, and no one knew where the spike came from, and it appeared track had been inspected 35 or 40 minutes before, *held*, that court erred in not directing verdict for defendant carrier in action for injuries.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Action by W. M. Gleaves against the St. Louis-San Francisco Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

W. J. Orr, of Springfield, Mo. (W. F. Evans, of St. Louis, Mo., and E. L. Westbrooke, of Jonesboro, Ark., on the brief), for plaintiff in error.

J. F. Gautney, of Jonesboro, Ark. (Gautney & Dudley, of Jonesboro, Ark., on the brief), for defendant in error.

Before STONE, Circuit Judge, and MORRIS and FARIS, District Judges.

MORRIS, District Judge. The complaint in this case alleges in substance that on or about the 4th day of June, 1921, plaintiff (defendant in error here) purchased a ticket from the agent of the defendant (plaintiff in error here), at Stacey, Ark., to Memphis, Tenn., and that he thereupon went upon the platform of defendant at said Stacey with the view of becoming a passenger on a passenger train of defendant, which was due at Stacey about 9 o'clock a. m.; that about said hour, while said train was drawing into said station, and the plaintiff was preparing to board the same, and while he was standing on said platform, as the result of the carelessness and negligence of defendant's servants and employees, the said train threw a railroad spike against and into the body of the plaintiff at a point just below his heart, causing a severe injury to him; that said injury was the direct result of the carelessness and negligence of the employees of defendant; and that by reason thereof defendant is liable in damages for such injury and its consequences.

The case was tried by the court with a jury. At the close of all the evidence the defendant moved the court to direct a verdict for defendant, on the ground that the evidence failed to show any negligence on the part of defendant. This motion was denied, and the case was submitted to the jury, and resulted in a verdict and judgment in favor

of plaintiff. Writ of error was sued out, and the case is here on three assignments of error:

(1) That the court erred in refusing to grant defendant's motion.

(2) That the court erred in instructing the jury as follows:

"His being there and being hurt raises a presumption that it was done by reason of some negligence of the railroad company."

(3) That the court erred in submitting to the jury the res ipsa loquitur rule of evidence, because the evidence did not authorize the submission of this theory.

The last assignment is, we think, in effect embraced in the second. The facts shown by the evidence are meager, and, in so far as they relate to the question of the liability of defendant to answer in damages for the injury received by plaintiff, are undisputed:

The plaintiff, having purchased a ticket from defendant's agent from Stacey to Memphis, was standing on the platform of defendant at Stacey, waiting to take the passenger train which was due there about 9 o'clock a. m. About that hour the train drew into the station, and plaintiff, while so standing on said platform, about 15 or 20 feet from the track, and when the front of the engine of the incoming train had not quite reached the point on the track opposite to where he was standing, was struck in the side by a discarded railroad spike, causing the injury complained of. This spike was flattened in two places near its end or point, the flattened places being bright and new-looking, while the rest of the spike was honeycombed with rust, causing it to look like it had ,been struck a heavy blow in two places, while heated, by a heavy object. Where this spike came from nobody knew, and there is no evidence to show. That it could not have come from the engine or any of the cars in the train is clear from the evidence.

The undisputed evidence on the part of defendant shows that the section foreman of defendant passed over this part of the track on his motor hand car about 35 or 40 minutes before the train arrived, and that at that time there was no spike on the rail. Where it came from, then, and how it was thrown against the plaintiff, is matter of conjecture.

The theory of the plaintiff is that it was lying on the rail, and was struck, while there, by the front wheels of the engine, two wheels passing over it, and thus thrown violently against the body of plaintiff, and that its being there was due to the negligence of defendant. That it was not there 35 or 40 minutes before we have seen above. How, then, did it get there at the time of the accident, if it was there at that time? That the going over the track by the section foreman, as he did, and at the time he did, was a sufficient inspection, we think, under any degree of care required.

If it be said that it might have been placed there by some evil-disposed person, or by some mischievous and thoughtless boy, between the time when the section foreman passed over the tracks at this place and the time when the engine passed over it, which we think the physical facts negative, still we think that could not be attributed to the defendant as an act of negligence, for certainly no degree of care would have required that defendant should have some one there all the time

to see that such a thing was not done. If it be said that some evil-disposed or thoughtless person might have thrown or cast this spike at the locomotive as it was approaching the platform, and that it was thus caught and thrown by the revolving wheels (which seems to be the only other possible way to account for its having been thrown toward the plaintiff by the locomotive), certainly this could not be attributed to the negligence of the defendant.

If, under the rule of res ipsa loquitur, the mere fact that plaintiff was on the platform, having purchased a ticket, and therefore entitled to the care due to a passenger, and was hurt, raises a presumption that the injury resulted from some negligence of the railroad company (which we do not think is a correct statement of the law, but which we think it unnecessary now to pass upon), still that is a rebuttable presumption, one which may be removed or destroyed by evidence which affirmatively shows the exercise of due care. In our opinion, as shown above, the evidence is amply sufficient to that end.

The result is that we are of the opinion that, not only has plaintiff failed to show any negligence of defendant causing the injury, but that, on the contrary, the evidence shows affirmatively that there was no such negligence. We hold, therefore, that the court erred in not granting defendant's motion for a directed verdict, and that the judgment must be reversed, and the case remanded for a new trial. It is so ordered.

FARIS, District Judge, concurs only in the result.